IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02899-BNB

DAWANE ARTHUR MALLETT,

    Plaintiff,

v.

LT. GARNER, Co.,
T. GARDINER, Correctional Officer,
JOSEPH WADAS, Correctional Officer,
ALLEN GREGORY ARAGON, Correctional Officer,
BLAKE RANDY DAVIS, Complex Warden,
MIKE MCALISTER, SIS Tech.,
PATRICIA RANGEL, Unit Manager, and
DAVID B. BERKEBILE, Complex Warden,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Dawane Arthur Mallett, is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Mallett has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming his rights under the United States Constitution have been violated. As relief he seeks damages and the return of stolen documents.

    The court must construe the Prisoner Complaint liberally because Mr. Mallett is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Mallett asserts three claims for relief in the Prisoner Complaint. However, he fails to provide a short and plain statement of each claim showing he is entitled to relief because he fails to allege clearly and concisely what each Defendant did that allegedly violated his rights and he fails to identify the specific facts that support each asserted claim.

For example, Mr. Mallett's first claim is an Eighth Amendment claim against Allen Gregory Aragon and Joseph Wadas. Mr. Mallett alleges in support of his first claim that

he was denied meals from January 23-27, 2012, apparently by Officer Wadas, and for more than twenty consecutive days by Officer Wadas and Officer Aragon. Mr. Mallett does not specify when he was denied meals for twenty consecutive days, however.

Mr. Mallett's second claim is a First Amendment and retaliation claim against Officer Wadas and David B. Berkebile. Mr. Mallett alleges in support of his second claim that on March 26, 2013, legal documents he had given to another inmate to hold were confiscated from the other inmate. Mr. Mallett specifically alleges that Defendant Berkebile gave the order to confiscate the legal documents, but he does not allege how Officer Wadas personally participated in the confiscation of his legal documents. Mr. Mallett also fails to allege specific facts that demonstrate his First Amendment rights were violated. To the extent Mr. Mallett may be asserting a First Amendment access to the courts claim, he fails to allege specific facts that demonstrate he suffered an actual injury in his ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996). Mr. Mallett also fails to allege specific facts to support an arguable retaliation claim with respect to the confiscation of his legal documents. *See Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (discussing elements of a constitutional retaliation claim).

Mr. Mallett's third claim is an Eighth Amendment claim against Blake Randy Davis, Mike McAlister, Patricia Rangel, Lt. Garner, and Officer T. Gardiner. Mr. Mallett alleges in support of his third claim that Blake Randy Davis had an assistant reject or destroy Mr. Mallett's administrative complaints; that Mike McAlister opened outgoing legal mail and removed complaints Mr. Mallett attempted to send to unspecified government agencies; that Patricia Rangel failed to notify appropriate officials of

3

ongoing misconduct even though Mr. Mallett advised her in more than one hundred letters of the abuse he has suffered; that Officer Gardiner spit in Mr. Mallett's food and deprived him of food more than ten days in January and February, 2013; and that Lt. Garner "is working in the special housing unit and he is attempting to create a paper trial of the conduct of staff and collecting declarations for staff and he is instructing the correctional officers as to how to commit assaults and not get caught and incouraging [sic] us to kill ourself! [sic]."  (ECF No. 1 at 7.)  With the possible exception of the allegations against Officer Gardiner, these allegations are not sufficient to support an Eighth Amendment claim against any Defendant because Mr. Mallett fails to allege specific facts that demonstrate these Defendants acted with deliberate indifference to his health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994).  To the extent Mr. Mallett may intend to assert a claim or claims against these Defendants that is not an Eighth Amendment claim, he fails to identify the specific legal right he contends has been violated.

For these reasons, Mr. Mallett will be directed to file an amended complaint that clarifies the claims he is asserting in this action.  Mr. Mallett must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v.*

4

*Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, the court will address the "Motion to Strike Defendants" (ECF No. 5) filed by Mr. Mallett on November 6, 2013. Mr. Mallett asks "that the court strike each defendant from this suit that it deems not appropriate for this action and further request that Plaintiff be permitted to proceed against the remaining defendants." (ECF No. 5 at 1.) The "Motion to Strike Defendants" will be denied, and Mr. Mallett will be given an opportunity to clarify his claims as discussed in this order. Mr. Mallett may omit from the amended complaint he will be ordered to file any Defendant against whom he does not wish to pursue a claim. Accordingly, it is

ORDERED that Mr. Mallett shall have **thirty (30) days from the date of this order** to file an amended complaint that clarifies the claims he is asserting in this action as discussed in this order. It is

FURTHER ORDERED that Mr. Mallett shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

DATED November 18, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge